# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| Lateay Miles,<br><br>    Plaintiff,<br><br>v.<br><br>Griggs & Associates, LLC,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a natural person who resided in Hayti, Missouri at all times relevant to this action.

3. Defendant is a Georgia limited liability company that maintained its principal place of business in Keenesaw, Georgia at all times relevant to this action.

4. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

5. As described below, Defendant attempted to collect an alleged debt from Plaintiff, which is a "debt" as defined by 15 U.S.C. §1692a(5).

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

7. On or around May 30, 2009, Plaintiff retained an attorney to file for bankruptcy.

8. On or around October 21, 2009, Defendant telephoned Plaintiff's mother ("Deborah").

9. During this communication, Defendant disclosed to Deborah that Plaintiff owed a debt.

10. During this communication, Defendant threatened to sue Plaintiff unless Plaintiff paid the debt.

11. During this communication, Defendant falsely represented that Plaintiff had committed check fraud.

12. During this communication, Deborah notified Defendant that Plaintiff had retained an attorney to file for bankruptcy.

13. During this communication, Defendant falsely represented that Plaintiff's bankruptcy will not absolve Plaintiff's responsibility to pay this debt.

14. During this communication, defendant threatened to file charges against Plaintiff in Pemiscot County Court unless plaintiff paid the debt.

15. On or around October 21, 2009, Plaintiff telephoned Defendant.

16. During this communication, Defendant falsely represented that Plaintiff had committed fraud and was stealing money.

17. During this communication, Plaintiff notified Defendant that Plaintiff was represented by a bankruptcy attorney and attempted to provide Plaintiff's attorney's contact information, but Defendant refused to take this information.

18. During this communication, Defendant falsely represented that Plaintiff could not file bankruptcy on this debt and Plaintiff would still have to pay the debt.

19. During this communication, Defendant threatened to take Plaintiff to court unless Plaintiff paid the debt immediately.

20. On or around October 23, 2009, Defendant telephoned Deborah.

21. At the time of this communication, Defendant already had Plaintiff's location information.

22. During this communication, Defendant disclosed Plaintiff's debt to Deborah.

23. On or around October 26, 2009, Defendant telephoned Plaintiff.

24. During this communication, Defendant falsely represented that Plaintiff had committed check fraud.

25. During this communication, Defendant threatened to pursue fraud charged against Plaintiff unless Plaintiff paid the debt.

26. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

27. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated 15 U.S.C. §1692d by engaging in conduct in connection with the collection of the debt the natural consequence of which was to harass, oppress, or abuse Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

36. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

37. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ Timothy J. Sostrin
    Timothy J. Sostrin, Reg. # 1592956
    LEGAL HELPERS, P.C.
    233 S. Wacker
    Sears Tower, Suite 5150
    Chicago, IL 60606
    Telephone:  312-753-7576
    Fax: 312-822-1064
    Email:  tjs@legalhelpers.com
    Attorneys for Plaintiffs