UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LATEAY MILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:09CV180 SNLJ |
| | ) |
| GRIGGS & ASSOCIATES, LLC, | ) |
| and JEANILLE LANIER GRIGGS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Jeanille Lanier Griggs' motion for stay of proceedings to enforce judgment, #14, filed July 8, 2010. Plaintiff has filed a response, but defendant has not filed a reply.

Defendant failed to answer plaintiff's complaint after being properly served and now requests relief from the default judgment and for a "stay of proceedings to enforce judgment." Relief from a judgment or order is governed by Rule 60(b) of the Federal Rules of Civil Procedure, which permits the Court to relieve a party from a final judgment for various reasons, including "mistake, inadvertence, surprise, or excusable neglect," and "any other reason that justifies relief." Defendant seeks relief from the claim for insufficient service of process, because she "never received service of process." This assertion is belied by the signed affidavit of Reginald O. Walker, who affirmed that he served a copy of the summons with an unidentified family member and unidentified female, believed to be Walter Griggs and Jeanille Lanier Griggs, respectively, at 3090 Cambrian Terrace, Austell, GA, 30106. Under Rule 4(e)(2)(B) of the

Federal Rules of Civil Procedure, an individual may be served by leaving a copy of the summons at the "individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Furthermore, "[a] signed return of service constitutes prima facie evidence of valid service 'which can be overcome only by strong and convincing evidence.'" *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1400 (7th Cir. 1993)(quoting *Hicklin v. Edwards*, 226 F.2d 410, 414 (8th Cir. 1955)).

Defendant has not produced any evidence or a sworn affidavit to support the assertion that she did not receive the summons. Moreover, both the summons and the order of default arrived at defendant's address in Austell, Georgia, which is the very same address that Ms. Griggs listed as her residence in the Articles of Organization for Griggs & Associates LLC. Defendant has presented no evidence that would cause this Court to vacate the order of default, and therefore her motion shall be denied. Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for relief of default judgment, #14, filed July 8, 2010 is **DENIED**.

Dated this   4th   day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE